| FILED | ___ LODGED |
|---|---|
| ___ RECEIVED | ___ COPY |

AUG 1 2 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Jovani Trevino
1126 E. Brown Street
85020AZ 85020
(602) 921-8151

# IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Jovani Trevino,

    Plaintiff,

v.

The Home Depot,

    Defendant(s).

CASE NUMBER: CV-24-02027-PHX-JJT

**COMPLAINT**

### Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331. This employment discrimination lawsuit is based on.

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 'a7'a7 2000e, et. seq., for employment discrimination on the basis of race, color, religion, gender, or national origin.

The plaintiff is a resident of 85020, Maricopa County, AZ and a citizen of the United States. The defendant, The Home Depot, is a resident of Phoenix , AZ and a citizen of the United States. The cause of action arose in the Phoenix division.

### Employment Discrimination Complaint

The conduct complained of in this lawsuit involved the following:

2. Failure to promote me; Failure to accommodate my disability; Retaliation; Terms and conditions of employment differ from those of similar employees; Harassment; Other; Discrimination, Hostile Work Environment, Negligence, Intentional Infliction of Emotional Distress, Breach of Contract, Invasion of Privacy

3. The conduct(s) above is referred to in the charge of discrimination. I believe I was discriminated against because of my:

Disability

4. The reason(s) above is referred to in the charge of discrimination. The discriminatory conduct occurred at the defendant's address on Or 06/14/2023.

**FACTUAL ALLEGATIONS**

5. Since June 2023, Plaintiff has been subjected to six separate investigations by the Defendant.

6. Each investigation revealed attempts by Defendant to conceal its culpability, leading to the intentional infliction of emotional distress upon Plaintiff, discrimination, retaliation, breach of contract, and negligence.

7. Melissa Kartchner (District Manager -HR) in her capacity as an investigator, exhibited willful negligence, ignoring Plaintiff's concerns, delaying intervention, and thereby escalating the situation. During her inquiry, Plaintiff was labeled a "snitch," and their residential address was disclosed, resulting in mocking correspondence.

8. Despite Plaintiff's statement confirming personal injury caused by this ordeal, Melissa denied the retaliation claims, perpetuating increased abuse. The improper and negligent handling of the case subjected Plaintiff to despair, discrimination, retaliation, and enduring distress.

9. Kurt Hoffman (night manager), another representative of Defendant, denied investigating damages to Plaintiff's vehicle, created hostile situations leveraging Plaintiff's

disability, and assigned impossible workloads, leading to Plaintiff's physical, mental, and emotional damages.

10. Bridgett Rodriguez (District Manager), chosen by Melissa, ignored Plaintiff's requests and failed to respond after Plaintiff questioned her relationship with Melissa. Emails detailing the severity of Plaintiff's situation and safety concerns were disregarded.

11. Bridgett's communication with Greg Foley, who claimed ignorance of the case despite evidence of his prior involvement, highlights a deliberate concealment of information crucial to Plaintiff's claims.

12. Greg Foley (Territory Area Manger), as another investigator with a clear stake in the outcome, conducted an investigation that appeared biased and aimed at hiding the facts rather than addressing Plaintiff's grievances.

13. John Cleary (Employee Relations Director), another investigator, falsely claimed impartiality and lack of prior knowledge about the case. Evidence from July reveals his involvement and denial of Plaintiff's proposed resolution, further undermining his credibility.

14. John, in attempting to investigate the claims, appeared to be investigating himself to clear his name. Following the Defendant's chain of command, he is directly responsible for executing such duties on behalf of the Defendant. This self-investigation added a layer of absurdity to the situation. Meanwhile, Plaintiff was left to suffer continued abuse, particularly for his disability advocacy.

15. Defendant's legal department knowingly or negligently allowing biased individuals with stakes in the outcome to conduct investigations, aiming to clear themselves and the company rather than protecting Plaintiff for further injury.

16. The very nature of these investigations is highly unusual, particularly given the recurring discovery of falsified information by HR and directors involved. This recurrent pattern of falsification has only served to exacerbate the retaliation against Plaintiff, stemming from their protected class status and their advocacy on its behalf.

17. Defendant's actions exemplify a pattern of retaliation against Plaintiff for his disability advocacy and protected class status, further exacerbating the harm suffered.

18. Home Depot allowed its associates and store leaders to subject Plaintiff to intense humiliation by fellow employees despite immediate notification to leadership and HR. Suring Plaintiffs shift, his vehicle was vandalized in the Home Depot parking lot. Despite Plaintiff's immediate reporting to the managers listed in this complaint, Defendant failed to inform loss prevention almost immediately causing the Plaintiff to suffer loss of his property with no follow-up by the Defendant or its agents.

19. Home Depot intentionally subjected Plaintiff to physical harm and overwork, creating an environment where peers developed animosity towards Plaintiff due to his disability. This was reported to the night managers, Home Depot HR , store managers, and the district manager by the Plaintiff on numerous occasions but was ignored.

20. Night managers would hide to avoid opening store doors for Plaintiff during disability-related episodes, causing immense suffering and humiliation every time that the Plaintiff was in a dire physical situation and trying to utilize his disability accommodations.

21. Plaintiff was removed from the work schedule on several occasions without being informed until arriving ready for duty. Plaintiff asserts that this ongoing pattern is retaliatory behavior by the Defendant.

22. Plaintiff received mocking correspondence during an investigation by Melissa Kartchner into retaliation and discrimination. The correspondence from store managers, and night managers, was sent to his residence, further exacerbating the emotional distress experienced and which often manifested into physical pain and suffering for the Plaintiff's painful disability.

23. Plaintiff was targeted by being deprived of necessary login credentials needed to perform their job duties. Plaintiff regularly had to ask fellow coworkers for their logins, being the only employee singled out in this manner.

24. John Cleary and Melissa Kartchner not only engaged in talks about a new role for Plaintiff but also agreed that Plaintiff would be a good fit for a particular work-from-home position. This verbal agreement constituted a contract which was immediately breached by Defendant when Plaintiff's accommodations were forced, resulting in a change of course and denial of the promised role and causing further emotional harm to Plaintiff.

25. Assistant Night Manager Stephen Vasquez humiliated, harassed, and retaliated against Plaintiff for their disability, inflicting emotional and physical distress by forcing Plaintiff to walk the store while physically suffering. This retaliation was reported to Home Depot HR, Melissa Kartchner (District HR manager), Greg Foley (Territory HR Manager), Bridgett Rodriguez (Territory HR manager), John Cleary (Employee relations Director), Joyce Riggs (Employee relations Director) and The Home Depots Legal and EEOC department , but to no avail, causing progressively worse attacks and subjecting Plaintiff to continuous retaliatory actions by the Defendant.

26. Out of retaliation, Plaintiff's direct manager, Kurt Hoffman, willfully acted with negligence despite prior notice of Plaintiff's disability, assigning an overwhelming workload that resulted in Plaintiff reopening a wound, leading to significant bleeding. Upon immediately reporting the injury, the manager visually inspected the wound, and

Plaintiff requested to complete an incident report, which was duly filed with Home Depot following the company's established process. This incident caused severe physical injury, leaving Plaintiff unable to hold and comfort his newborn daughter for months, and inflicted deep emotional distress due to the profound impact of the injury on his personal life and well-being. This incident occurred while the manager was acting within his official capacity, on the clock, performing the normal duties of a manager. Despite having ample time and opportunity to prevent foreseeable harm, the manager failed to do so, resulting in Plaintiff's injury. This negligent behavior directly contributed to the physical and emotional damages suffered by the Plaintiff.

27. There existed a special relationship between the Plaintiff and the Defendant, specifically an employee-employer relationship, which obligated Home Depot to uphold a duty of care toward the Plaintiff. Home Depot breached this duty by failing to properly train its agents and managers in EEOC retaliation and discrimination laws. As a result of this breach, the Plaintiff suffered significant damages directly stemming from unlawful retaliation and discrimination, underscoring Home Depot's legal culpability in this matter.

28. Moreover, Home Depot has had over a year to right these wrongs, to step up and protect one of its most vulnerable employees, but instead, they have turned a blind eye. The Plaintiff, a person who simply sought fairness and dignity, has been left to suffer in silence, continuously overlooked and disregarded. As of the date of this complaint, he remains buried under the weight of nearly thirty (30) separate incidents of retaliation and discrimination—each one a painful reminder that his cries for help have been ignored. This is not just a failure of policy; it is a failure of humanity. Home Depot's inaction has sent a clear message that the voices of their disabled employees do not matter, leaving the Plaintiff to endure unimaginable emotional and physical pain, all because he dared to ask for the basic respect and accommodations that should have been his right.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA Amendments Act of 2008 (ADAAA) broadened the definitions of disability to make it easier for individuals to be covered under the ADA. A disability is defined as: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. The amendments simplified the criteria for coverage, ensuring that only one major life activity needs to be substantially limited and excluding the beneficial effects of mitigating measures (other than ordinary eyeglasses or contact lenses) in the evaluation. Plaintiff, as a person with a disability, has experienced retaliation, discrimination, negligence, and intentional infliction of emotional distress as a result of their protected status and advocacy for disability rights. Plaintiff's efforts to secure reasonable accommodations were met with resistance and hostility from Defendant, constituting a clear violation of the ADA as amended. A Damning Account of Defendant's Actions Home Depot approved Plaintiff's accommodations but only after making the process extremely difficult and punishing Plaintiff afterwards. This punitive treatment included isolating Plaintiff, treating them as less than "regular employees" because of their disability, and tucking them away like some scum of a human being. This appalling behavior from Defendant not only highlights a complete disregard for Plaintiff's rights but also underscores the deeply ingrained discrimination and neglect that Plaintiff endured. Plaintiff's ongoing mistreatment underscores the necessity of enforcing ADA protections to prevent such abuses and ensure fair treatment for all employees. The willful misrepresentations, improper and negligent handling of Plaintiff's case, and the intentional infliction of emotional distress paint a clear picture of the severe and inhumane treatment suffered by Plaintiff at the hands of Home Depot.

**CLAIMS FOR RELIEF**

## Count I: Discrimination in Violation of Title VII of the Civil Rights Act of 1964

29. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. Defendant's actions constitute discrimination based on Plaintiff's protected class status.

## Count II: Retaliation in Violation of Title VII of the Civil Rights Act of 1964

31. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

32. Defendant retaliated against Plaintiff for advocating for their protected class status and disability rights.

## Count III: Retaliation by Negligence in Violation of the Americans with Disabilities Act (ADA)

33. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

34. Defendant's negligent handling of investigations and failure to protect Plaintiff from harm resulted in significant emotional and physical distress.

## Count IV: Retaliation and Discrimination by Breach of Contract in Violation of the Americans with Disabilities Act (ADA)

35. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

36. John Cleary and Melissa Kartchner agreed that Plaintiff would be a good fit for a particular work-from-home role, constituting a verbal contract.

37. Defendant breached this contract by changing course after Plaintiff's accommodations were forced, resulting in the denial of the promised role and causing further discriminatory harm and retaliation against the Plaintiff.

**Count V: Retaliation by Intentional Infliction of Emotional Distress  in Violation of the Americans with Disabilities Act (ADA)**

38. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

39. Defendant's actions, including but not limited to, the continuous harassment, public humiliation, physical harm, and discriminatory behavior, were intentional and reckless.

40. Defendant's conduct was extreme and outrageous, going beyond all possible bounds of decency, and is regarded as atrocious and utterly intolerable in a civilized community.

41. As a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff has suffered severe emotional and psychological trauma, requiring medical treatment and resulting in significant damages.

**Count VI: Retaliation Resulting in Hostile Work Environment in Violation of the Americans with Disabilities Act (ADA)**

42. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

43. The Plaintiff was subjected to a toxic, hostile, and abusive work environment that significantly interfered with his ability to perform his job duties. This hostile work environment was characterized by repeated harassment, discrimination, and retaliation directly tied to the Plaintiff's disability and his advocacy for reasonable accommodations. The pervasive nature of this environment not only violated the Plaintiff's rights but also created intolerable working conditions, ultimately infringing upon the Plaintiff's ability to work in a safe and respectful environment as mandated by law.

**Count VII: Retaliation and Discrimination by Failure to Accommodate  in Violation of the Americans with Disabilities Act (ADA)**

46. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

47. While the Defendant eventually approved accommodations for the Plaintiff's disability, this approval was not without significant delay, reluctance, and improper implementation. The Defendant's failure to hire the Plaintiff for the initially proposed work-from-home position, after his accommodations were forced, also constitutes a failure to accommodate. Additionally, the Defendant's actions in marginalizing the Plaintiff by depriving him of equal rights, dignity, and the normalcy of employment, effectively hiding him away from opportunities afforded to other employees, further exacerbated his condition. Moreover, store managers intentionally hid from the Plaintiff during his disability-related flare-ups, preventing him from leaving work and causing severe pain and anguish. The Plaintiff was forced to walk the store in desperate attempts to locate managers so that he could leave during these episodes, a situation that constitutes a blatant failure to accommodate, as well as intentional infliction of physical harm and emotional distress. This conduct is a clear violation of the ADA, underscoring the Defendant's disregard for the Plaintiff's legal rights and well-being, and contributing to the ongoing retaliation and discrimination that he has faced.

## Demand

WHEREFORE, Plaintiff respectfully requests that this Court:  A. Award compensatory damages in an amount to be determined at trial; B. Award punitive damages in an amount to be determined at trial; C. Award reasonable attorney's fees and costs; D. Grant such other and further relief as the Court deems just and proper. **I am also seeking the following amount in monetary compensation: $3,500,000.00.**  The Plaintiff wants a trial by jury.

## Administrative Procedure

I have filed a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency on 05/10/2024. I have received a Notice of Right to Sue Letter.

Date: 8/12/24

Jovani Trevino
1126 E. Brown Street
85020, AZ 85020
(602) 921-8151

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/10/2024

**To:** Mr. Jovani Trevino
1126 E. Brown Street NA
PHOENIX, AZ 85020

Charge No: 540-2023-06512

EEOC Representative and email:    JEREMY YUBETA
Enforcement Manager
jeremy.yubeta@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 540-2023-06512.

On behalf of the Commission,

For, Rayford O. Irvin
Acting District Director

**Cc:**
Barbara Pennington
Home Depot
2455 Paces Ferry Road, SE C21
Atlanta, GA 30339

Please retain this notice for your records.